Filed 11/19/25  Lourick v. Northland Group CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MARIANNE LOURICK, | C100136 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201700211482CUMCGDS) |
| v. | |
| NORTHLAND GROUP, INC. et al., | |
| Defendants and Respondents. | |

Marianne Lourick appeals from a judgment of dismissal in favor of defendants Northland Group, Inc., LVNV Funding, LLC, and Resurgent Capital Services, L.P. (collectively, "Defendants") based on her failure to bring her action against them to trial within five years.  (Code Civ. Proc., §§ 583.310, 583.360.)[1]  On appeal, Lourick contends the trial court abused its discretion in dismissing the case because it was impractical to

---

[1]  Undesignated statutory references are to the Code of Civil Procedure.

1

continue litigating the matter while a different defendant (H&H) had an appeal pending. We affirm the judgment.

## I. BACKGROUND

The record on appeal consists entirely of the court's judgment, the notice of entry of judgment, Lourick's notice of appeal, and Lourick's notice designating the record on appeal. As such, our procedural and factual background is limited to the information contained in these documents and any attachments thereto.

On April 20, 2017, Lourick filed the underlying action. In September 2023, the court entered an order granting Defendants' motion to dismiss Lourick's operative complaint. The court extended the deadline to bring the matter to trial based on the COVID-19 pandemic, and found that the deadline to bring the matter to trial had been February 6, 2023.

Lourick had apparently argued in response to Defendants' motion that the court should exclude an additional 995 days during which H&H's appeal of the denial of its special motion to strike was pending. According to the trial court, Lourick argued " '[a]s a result of the appeal from the denial of the special motion to strike, further trial proceedings on the merits should have been automatically stayed.' " The trial court disagreed. It explained Lourick "fails to elucidate how H&H's appeal from the denial of its special motion to strike embraced the other causes of action against Defendants, who were not parties to that motion."

On October 19, 2023, the trial court entered judgment in favor of Defendants. Lourick filed a timely appeal.

## II. DISCUSSION

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) The party challenging the judgment has the burden of showing reversible error by an adequate record. (*Ballard v. Uribe* (1986) 41

2

Cal.3d 564, 574.) And merely furnishing a record is not sufficient. An appellant must cite to it: " 'It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations.' " (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) We disregard all factual assertions that are not supported by citations to the record. (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239.) Similarly, "[t]o demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

The trial court concluded Lourick's action against Defendants must be dismissed with prejudice pursuant to section 583.310. The statute provides that "[a]n action shall be brought to trial within five years after the action is commenced against the defendant." (§ 583.310.) An action that is not brought within this time must be dismissed. (§ 583.360, subd. (a).) However, "[i]n computing the time within which an action must be brought to trial . . . , there shall be excluded the time during which any of the following conditions existed: [¶] (a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." (§ 583.340.)

The trial court rejected Lourick's assertion that " '[a]s a result of [H&H's] appeal from the denial of the special motion to strike, further trial proceedings on the merits should have been automatically stayed.' " On appeal, Lourick argues the trial court abused its discretion in granting Defendants' motion because it would have been impractical to proceed against them during the pendency of H&H's appeal.

"[T]he trial court must determine what is impossible, impracticable, or futile 'in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. [Citations.] The critical factor in

applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case.' " (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 730-731.)

"The question of impossibility, impracticability, or futility is best resolved by the trial court, which 'is in the most advantageous position to evaluate these diverse factual matters in the first instance.' [Citation.] The plaintiff bears the burden of proving that the circumstances warrant application of the section 583.340[, subdivision ](c) exception. . . . The trial court has discretion to determine whether that exception applies, and its decision will be upheld unless the plaintiff has proved that the trial court abused its discretion." (*Bruns v. E-Commerce Exchange, Inc.*, *supra*, 51 Cal.4th at p. 731.) "Under that standard, '[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1100.)

Lourick's arguments are unavailing. The record suggests she did not adequately raise the issue of impossibility or impracticability in the trial court. On appeal, she argues it would have been "impractical, if not impossible, to continue litigating this matter against [Defendants] only," that she "ran the risk of duplicative and inconsistent rulings of moving forward with trial," that she "was not able to move forward" while the appeal was pending, and to do so would have been a " 'complete waste of time, money, and judicial resources.' " She provides neither further explanation nor any citations to the record to support her assertions. Indeed, her opening brief is almost entirely devoid of citation to the record. Lourick has failed to demonstrate the trial court abused its discretion in not applying the section 583.340, subdivision (c) exception.

### III. DISPOSITION

The judgment is affirmed. Respondents Northland Group, Inc., LVNV Funding, LLC, and Resurgent Capital Services, L.P. shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


/S/
_____
RENNER, Acting P. J.


We concur:


/S/
_____
MESIWALA, J.


/S/
_____
WISEMAN, J.[*]

_____

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.